UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA ACOSTA | CIVIL ACTION |
| VERSUS | NO: 16-14897 |
| BOUDREAU & THIBODEAU'S CAJUN COOKIN' INC. | SECTION: A (2) |

## ORDER

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 17)** filed by Defendant Boudreau & Thibodeau's Cajun Cookin' Inc. Plaintiff Amanda Acosta opposes the Motion. (Rec. Doc. 24). Also before the Court is a Motion for Partial Summary Judgment (Rec. Doc. 18) filed by Plaintiff. Defendant opposes the Motion. (Rec. Doc. 25). The Motions, set for submission on August 9, 2017, are before the Court on the briefs without oral argument.

**I. Background**

This matter arises out of the alleged sexual discrimination, retaliation, and sexual harassment of Plaintiff, Amanda Acosta, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and Louisiana law. Debra Blanchard and her husband Michael Blanchard are the sole owners of Defendant, Boudreau & Thibodeau's Cajun Cookin', Inc., which operates a restaurant in Houma, Louisiana. Plaintiff was employed as a service manager at the restaurant. On February 13, 2015, Plaintiff gave notice to the Blanchards that their nephew made sexual comments to Plaintiff at work. (Rec. Doc. 24). After her report of sexual harassment, Plaintiff alleges that her employers sent jokes of a sexual nature to Plaintiff at her work place, made comments on her breasts and told Plaintiff that she dressed in a provocative manner. (Rec. Doc. 24). Additionally, Plaintiff alleges that after she reported the sexual harassment, her employers

1

wrongfully reprimanded her, investigated her, and took away many of her responsibilities before eventually terminating Plaintiff on September 30, 2015.

Plaintiff filed her complaint against Defendant for violation of Title VII under 42 U.S.C. 2000e, et seq., and violation of Louisiana law under La. R.S. 23:302, et seq. (Rec. Doc. 1). Defendant now seeks summary judgment in its favor on Plaintiff's claims against it (Rec. Doc. 17), and Plaintiff seeks partial summary judgment in her favor on the issue of unpaid bonuses (Rec. Doc. 18).

**II.     Analysis**

Defendant seeks summary judgment in its favor on Plaintiff's claims, arguing that 1) Plaintiff's Title VII claims fail because the alleged conduct was not severe or pervasive enough to create an objectively hostile or abusive work environment, and 2) Plaintiff's Louisiana law claims fail because the conduct was not severe enough and she has given no proof of a causal link between the alleged harassment and the environment or discharge of Plaintiff. (Rec. Doc. 17-2). Defendant maintains that Plaintiff was terminated for justifiable reasons. (Rec. Doc. 17-2). Plaintiff opposes Defendant's Motion, arguing that she has made a prima facie case of discrimination and that Defendant fails to show that there is no issue of material fact. (Rec. Doc. 24).

Plaintiff moves for partial summary judgment on the issue of alleged unpaid compensation in the form of bonuses. (Rec. Doc. 18-1). Defendants argue that Plaintiff is not entitled to summary judgment in her favor on the issue of bonus payments because Defendant "never agreed to pay any of its employees a guaranteed 'bonus,' let alone any particular amount in 'bonus.'" (Rec. Doc. 25).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material

fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)). Additionally, if the moving party will bear the burden of persuasion at trial, then the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F.Supp. 948, 951 (D.Colo. 1991)).

### a. Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks partial summary judgment on the issue of unpaid bonuses for the first three quarters of 2015. (Rec. Doc. 18-1). Defendant asserts that it never agreed to pay Plaintiff any particular bonus. (Rec. Doc. 25).

In order to meet her burden on summary judgment, Plaintiff must present evidence that, if uncontroverted, would entitle her to a directed verdict at trial. In support of her Motion, Plaintiff cites to a "Proposal for Amanda's pay beginning Monday, June 23, 2014." (Rec. Doc. 18-7). This

document states that "[t]he bonus structure will be set according to proposed plan from RestaurantOwner.com wi[th] some adjustments recommended by accountant." (Rec. Doc. 18-7). Additionally, she submits her own affidavit, an e-mail exchange between Plaintiff, one of the owners and someone named Jessica who controlled the bonuses, and a copy of a check made out to Plaintiff in the amount of $1,502.69. (Rec. Docs. 18-5 – 18-9).

In its Opposition, Defendant maintains that it never agreed to compensate Plaintiff with particular bonuses. Defendant further argues that Plaintiff cannot now bring a claim for bonuses under La. RS. 23:631 because this statute is not referenced anywhere in Plaintiff's complaint, and Plaintiff already has a cause of action for unpaid bonuses in another cause of action that she filed in the 32nd Judicial District Court, Parish of Terrebonne. (Rec. Doc. 25). Although Plaintiff asserts that she did not receive any bonuses from the first three quarters of 2015, Defendant points out to the Court that Plaintiff did in fact receive a bonus on March 5, 2015 (Rec. Doc. 17-4). Defendant also cites the affidavit of the restaurant's CPA, in which he states that he suggested to the Blanchards that they make adjustments in spending because their net profits decreased between 2013 and 2014. (Rec. Docs. 17-4, 17-11). Also, Defendant cites to Debra Blanchard's affidavit in which she states that Plaintiff's performance at the restaurant was diminishing.

The Court finds that Plaintiff has failed to meet her burden of proving that she is entitled to summary judgment in her favor on the issue of allegedly unpaid wages in the form of bonuses. Defendant is correct in its assertion that "there was no such written employment agreement establishing the duty of the employer to pay any bonus, let alone a specific bonus amount." (Rec. Doc. 25). The agreement that Plaintiff cites simply states that the bonus schedule would be set according to a proposed plan from RestaurantOwner.com, which has not been provided to the Court, and that the schedule is subject to adjustments as recommended by the accountant. Plaintiff

4

has failed to point to any agreement between herself and her employer that entitles her to specific bonuses. Additionally, Defendant has produced evidence that it used its discretion in not paying her bonuses after March 5, 2015 because of her diminishing performance and the restaurant's decreased profits. Plaintiff has failed to produce evidence that, even if uncontroverted, would entitle her to a directed verdict and therefore has failed to meet her burden for summary judgment in her favor on the issue of unpaid bonuses.

### b. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment in its favor on Plaintiff's claims, arguing that 1) Plaintiff's Title VII claims fail because the alleged conduct was not severe or pervasive enough to create an objectively hostile or abusive work environment, and 2) Plaintiff's Louisiana law claims fail because the conduct was not severe enough and she has given no proof of a causal link between the alleged harassment and the environment or discharge of Plaintiff. (Rec. Doc. 17-2). Defendant maintains that Plaintiff was terminated for justifiable reasons. (Rec. Doc. 17-2). Plaintiff opposes Defendant's Motion, arguing that she has made a prima facie case of discrimination and that Defendant fails to show that there is no issue of material fact. (Rec. Doc. 24).

The parties agree as to the applicable standard to Plaintiff's claims: "where a harassment claim arises out of a supervisor's conduct, 'there are four elements of a hostile work environment claim: (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on [a protected characteristic]; and (4) that the harassment affected a 'term, condition, or privilege' of employment.'" *EEOC v. Boh Bros. Const. Co., LLC*, 731 F.3d 444, 452 (5th Cir. 2013) (quoting *Lauderdale v. Tex. Dep't of Criminal Justice,* 512 F.3d 157, 162–63 (5th Cir. 2007)).

In order to affect a term, condition, or privilege of employment, the conduct "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Aryain v. Wal–Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008). The Fifth Circuit uses an objective "reasonable person" standard to evaluate severity and pervasiveness. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998). Additionally, the United States Court of Appeals for the Fifth Circuit has stated that the test—whether the harassment is severe or pervasive—is disjunctive. *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007). Facts involving an isolated, but abhorrent incident, or facts involving frequent incidents of harassment that are not severe, can both satisfy the fourth element of a hostile work environment – that the conduct affect a term, condition, or privilege of employment. *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434–35 (5th Cir. 2005).

The parties debate whether Plaintiff has made a plausible claim that her alleged harassment was severe and pervasive enough to render her working environment hostile. Whether an environment is hostile or abusive depends on the totality of circumstances. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). In determining whether, under the totality of the circumstances, a work environment is hostile, courts should look at "'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; ... whether it unreasonably interferes with an employee's work performance,' and whether the alleged conduct undermined the plaintiff's workplace competence." *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993)).

Plaintiff 1) is a female, 2) to whom sexually explicit comments were made, which 3) were based on her gender. Therefore, the first three elements of a prima facie sexual harassment case has been met. The parties do not dispute these elements, but focus on the fourth element – whether the harassment affected a term, condition, or privilege of employment. Plaintiff alleges that her employer's nephew made sexual comments to Plaintiff at work, her employers sent jokes of a sexual nature to her at her work place, and her employer Debra Blanchard made comments on her breasts and told Plaintiff that she dressed in a provocative manner. (Rec. Doc. 24). Additionally Plaintiff alleges that her employers took away many of her responsibilities before eventually terminating Plaintiff on September 30, 2015.

The Court finds that Plaintiff has made enough of a showing of a hostile work environment to defeat summary judgment in Defendant's favor. Although Plaintiff states that she no longer has the e-mails that were sent to her, the reduction of Plaintiff's responsibilities is evident from the e-mail exchanges between Plaintiff and her employer, and some of the sexual comments that were made to Plaintiff by her employers' nephew have been provided to the Court. Also, the online exchanges that have been provided to the Court indicate that the alleged conduct occurred over months. Given the number of incidents, the undermining of Plaintiff's workplace competence, and the sexual nature of the incidents, the alleged conduct was arguably pervasive enough that it affected a term, condition, or privilege of Plaintiff's employment. That will be a finding of fact to be made by the jury. Therefore, Plaintiff has made a prima facie case of sexual harassment under Title VII sufficient to defeat summary judgment in Defendant's favor.

As for Plaintiff's sexual harassment claim under Louisiana law, Louisiana law mirrors the federal statute on sexual harassment and "Louisiana courts therefore look to the federal statute to ascertain the validity of a sexual harassment claim." *Whittington v. Kelly*, 917 So.2d 688, 692-93

(La. App. 2 Cir. 2005). Additionally, Louisiana law applies the exact same elements to determine whether a Plaintiff has established a prima facie case of a hostile work environment. *Id.* (citing *Boudreaux v. Louisiana Casino Cruises Inc.*, 762 So.2d 1200 (La. App. 1 Cir. 2000)). Thus, Plaintiff has made a prima facie claim for sexual harassment under Louisiana law for the same reasons she made a sufficient showing under Federal law, and Defendant is not entitled to summary judgment in its favor on Plaintiff's Louisiana claims.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 17) filed by Defendant Boudreau & Thibodeau's Cajun Cookin' Inc. is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment (Rec. Doc. 18) filed by Amanda Acosta is **DENIED**.

New Orleans, Louisiana this 16th day of August, 2017.

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE